UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

CURTIS O. JACKSON,

        Plaintiff,          Case No. 2:14-cv-236

v.          Honorable R. Allan Edgar

T. TRUESDELL,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Mackie and Unknown Party Administrator of Mental Health Services. The Court will serve the complaint against Defendants Truesdell and Lanala.

**Discussion**

  I.  Factual allegations

  Plaintiff Curtis O. Jackson, a state prisoner currently confined to the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Psychologist T. Truesdell, Social Worker Anne Lanala, Warden Thomas Mackie, and Unknown Party Administrator of Health Services.

  In Plaintiff's complaint, he alleges that Defendants Truesdell and Lanala repeatedly witnessed him displaying delusional behavior, but that they continually denied him mental health treatment. Plaintiff states that in March of 2012, Defendants Truesdell and Lanala admitted that they did not feel comfortable providing African American prisoners with treatment because they are "too violent." Plaintiff states that Defendants Truesdell and Lanala fabricated mental health notes, diagnoses, and evaluations in Plaintiff's file to make it appear as if he was receiving treatment. Plaintiff alleges that between January of 2012 and October of 2012, Defendants Lanala and Truesdell routinely observed Plaintiff harming himself and suffering from hallucinations.

  In May of 2012, Plaintiff attempted to commit suicide by tying a sheet around his neck and slicing his wrist with a piece of steel. Defendant Truesdell witnessed the attempt and laughed at Plaintiff, stating, "Is that the best you can do?" In June of 2012, Plaintiff was experiencing hallucinations and asked for therapy. Defendant Truesdell called Plaintiff a "faker" and refused to treat him. Defendant Truesdell encouraged Plaintiff to hurt himself for her personal entertainment. In late June, Defendants Truesdell and Lanala witnessed Plaintiff banging his head against the wall, refusing to eat, and acting "delusional." Defendants Truesdell and Lanala asked Plaintiff if he had a ghost inside his cell. In mid-July of 2012, Defendants Truesdell and Lanala

witnessed Plaintiff cutting his arm with his footlocker.  Plaintiff had blood all over him.  Defendants merely called Plaintiff a "crazy son-of-a-bitch" and closed the window on Plaintiff's cell door so they would not have to look at him.

Plaintiff alleges that Corrections Officers asked Defendants Truesdell and Lanala to evaluate Plaintiff, but they refused and submitted falsified evaluations in deliberate indifference to Plaintiff's mental health needs.  Plaintiff began to submit complaints to outside organizations, such as the Michigan Department of Community Health.  As a result, Plaintiff was evaluated by MDOC Chief Psychiatrist Dr. Rome and was diagnosed as having a serious mental illness.  Plaintiff filed grievances against Defendants Truesdell and Lanala, and they retaliated by fabricating misconduct charges against Plaintiff.  In August of 2012, Defendants Truesdell and Lanala threatened to have Plaintiff's property destroyed and to write more misconduct tickets on Plaintiff if he filed additional grievances.

Plaintiff claims that he complained to Defendant Mackie about the misconduct of Defendants Truesdell and Lanala, but that Defendant Mackie took no corrective action.  Plaintiff claims that Defendant Mackie "encouraged" Defendants Truesdell and Lanala to continue to deny Plaintiff treatment by virtue of his failure to properly supervise these Defendants or to otherwise act on Plaintiff's behalf.  In addition, Plaintiff claims that Defendant Administrator of Mental Health Services is responsible for monitoring mental health services for Plaintiff, and that he failed to properly supervise Defendants Truesdell and Lanala.  Defendant Administrator of Mental Health Services merely told Plaintiff to file a grievance when he complained.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must

show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Mackie and Administrator of Mental Health Services were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Mackie and Administrator of Mental Health Services had in this action involve the denial of administrative grievances or the failure to act. Defendants Mackie and Administrator of Mental Health Services cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Mackie and Administrator of Mental Health Services are properly dismissed for lack of personal involvement.

The court concludes that Plaintiff's Eighth Amendment and retaliation claims against Defendants Truesdell and Lanala are nonfrivolous and may not be dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Mackie and Administrator of Mental Health Services will be dismissed

for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Truesdell and Lanala.

An Order consistent with this Opinion will be entered.


Dated:  1/23/2015                                    /s/ R. Allan Edgar
                                                                  R. ALLAN EDGAR
                                                                  UNITED STATES DISTRICT JUDGE